IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey W. Casserly,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Joseph Arpaio,<br><br>　　　　Defendant. | No. CV-05-2673-PHX-NVW (LOA)<br><br>**REPORT AND RECOMMENDATION** |

This matter arises on the Court's review of the file. Plaintiff commenced this action on September 1, 2005. (document # 1) On February 2, 2006, the Court ordered service on Defendant. (document # 4) The Court directed Plaintiff to immediately notify the Court in writing of any change in his address and warned Plaintiff that failure to do so could result in dismissal of this action. (Id.)(citing LRCiv 83.3(d)). The Court also directed Plaintiff to return a completed service packet for Defendant by February 22, 2006. (document # 5)

Thereafter, on February 9 and 10, 2006, the Court received returned mail addressed to Plaintiff marked "undeliverable, released."  (documents ## 6, 7) No alternate address for Plaintiff was located. Plaintiff violated the Court's February 2, 2006 Order by failing to advise the Court of his new address and failing to return a completed service packet. In view of Plaintiff's failure to comply with court orders, the Court ordered Plaintiff to show cause on or before March 10, 2006 why his action should not be dismissed without prejudice for failure to comply with Court orders. Fed.R.Civ.P. 41(b). (document # 8)

To date, Plaintiff has not responded to Order to Show Cause, notified the Court of his new address, or filed a completed service packet. The Court, therefore, will consider whether to dismiss this matter for failure to comply with Court orders.

When considering whether to dismiss an action for failure to comply with court orders, the court must consider: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's needs to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988)(quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Plaintiff filed his case on September 1, 2005. Plaintiff, however, has taken no action to pursue his claims against Defendants and has disregarded court orders. The first two dismissal factors support dismissal. Plaintiff's failure to notify the Court of his current address and failure to return a completed service packet has impeded the resolution of this case. Malone v. United States Postal Service, 83 F.2d 128, 130 (9th Cir. 1987). Second, Plaintiff's failure to offer any explanation for his delay in returning a completed service packet weighs in favor of dismissal. Third, Plaintiff bears the burden of persuasion as to the reasonableness of his delay and lack of prejudice to Defendant. Franklin v. Murphy, 745 F.2d 1221, 1232 (9th Cir. 1984). Under Rule 41(b), Plaintiff is required to prosecute his case with reasonable diligence. Moore v. Telfon Communications Corp., 589 F.2d 959, 967 (9th Cir. 1978). There is no evidence that Plaintiff has contacted the Court or Defendant regarding this case. Plaintiff offers no excuse for his failure to prosecute his claims and his complete disregard for Court orders. Under these circumstances, the delay is unreasonable and creates a presumption of prejudice to Defendant. Henderson, 779 F.2d at 1423. Fourth, the order to show cause warned Plaintiff that the Court may dismiss the matter if Plaintiff did not show cause for his failure to comply with court orders. This warning satisfies the Court's obligation to consider less drastic alternatives to dismissal. Malone, 833 F.2d at 131. Finally, although the public policy in favor of deciding cases on the merits weighs against dismissal, this factor alone does not outweigh the other factors which support dismissal. Id.

After review of the foregoing factors, the Court finds that this matter should be dismissed based on Plaintiff's failure to comply with court orders.

Accordingly,

IT IS HEREBY RECOMMENDED that this matter be **DISMISSED** without prejudice for failure to comply with court orders in accordance with Fed.R.Civ.P. 41(b).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 12th day of April, 2006.

_____
Lawrence O. Anderson
United States Magistrate Judge